UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

ROBERT DUNCAN,

                      Plaintiff,

      -against-

STERLING INFOSYSTEMS, INC.,

                    Defendant.

------------------------------------------------

Case No.: 1:15-cv-07456

**COMPLAINT FOR
DAMAGES**

Violations of the Fair Credit
Reporting Act, 15 U.S.C. §§
1681e(b), 1681k(a)

**DEMAND FOR JURY TRIAL**

     Plaintiff Robert Duncan, by and through his attorneys, brings the following Complaint against Sterling Infosystems, Inc. ("Sterling" or "Defendant") for violation of the Fair Credit Reporting Act ("FCRA") arising out of a background check that falsely portrayed Plaintiff as a criminal and a sex offender.

## THE PARTIES

     1.    Plaintiff Robert Duncan is an individual person and a resident of Port Lavaca, Texas.

     2.    Defendant Sterling Infosystems, Inc. is a consumer reporting agency headquartered in New York City, New York.

## JURISDICTION AND VENUE

     3.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

     4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides here, and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## THE FCRA'S PROTECTION FOR JOB SEEKERS

5.    Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, and regulates criminal background checks like the one procured on Plaintiff.  *See* 15 U.S.C. § 1681a(d)(1).

6.    The FCRA provides a number of protections for job seekers who are subjected to background checks.

7.    In the parlance of the FCRA, criminal background checks are "consumer reports," and providers of criminal background checks like Sterling are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d), f.

8.    The FCRA imposes duties on consumer reporting agencies to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681.

9.    Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

10.    Under 15 U.S.C. § 1681k(a), a consumer reporting agency furnishing reports for employment purposes which contains "matters of public records [which are] likely to have an adverse effect upon a consumer's ability to obtain employment" is required to either notify the consumer of the fact of the report or "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date."

11.    As described below, Defendant wholly disregarded these duties with respect to

2

Plaintiff's background check.

## PLAINTIFF'S INACCURATE BACKGROUND CHECK

12.     Plaintiff Robert Duncan is a military veteran who served over twenty years in the Navy and Marine Corps, and received an honorable discharge.

13.     Outside of minor traffic violations, Plaintiff Duncan has no criminal record, having never been convicted of a felony or misdemeanor.

14.     In February of 2015, Plaintiff Duncan applied for a position with U.S. Security Associates, ("U.S. Security") as a security guard.   After an initial screening process, U.S. Security offered him a job.

15.     This job offer was contingent on successfully completing a background check.   In order to facilitate the background check process, Plaintiff Duncan provided his full legal name, address, date of birth, social security number, and telephone number.

16.     Sterling received a request from U.S. Security to produce a report on Plaintiff Duncan on or about February 25, 2015, and provided that report to U.S. Security on or about the same day.  (Ex. 1.)

17.     In that report, Sterling falsely reported that Plaintiff Duncan had been charged with 29 child-pornography-related felonies, and convicted of 5 of them, in Chester County, Pennsylvania in 2011.  (*Id*. at 9-11.)  Sterling further falsely reported that Plaintiff Duncan had been sentenced to imprisonment of between 6 and 23 months, and placed on probation for seven years.  (*Id*. at 10-11.)

18.     In actuality, none of this was true.  Plaintiff Duncan has never been convicted of any felonies or misdemeanors, has never been imprisoned, has never been on probation, and has never lived in Chester County, Pennsylvania.

19.   When U.S. Security received his report, Jessalyn Wright, a U.S. Security employee in Corpus Christi, TX, contacted him to see if the report was accurate.

20.   Plaintiff Duncan assured Ms. Wright that the report was inaccurate, and took a number of steps to attempt to correct the situation.

21.   First, Plaintiff Duncan contacted the court clerk in Chester County, Pennsylvania, and the clerk faxed a statement to Ms. Wright stating that Plaintiff Duncan had no criminal record in that jurisdiction.  (Ex. 2.)  Ms. Wright told Plaintiff Duncan that she would forward that information on to Sterling.

22.   Second, Plaintiff Duncan attempted to call Sterling several times, but was never able to get through Sterling's automated call answering system to speak to a live operator.

23.   Sterling's records reflect none of this.  Its customer service records reflect no calls from Plaintiff Duncan, and one call from Ms. Wright, but state only that Ms. Wright "called to check status of the background check."  (Ex. 3.)

24.   Eventually, Ms. Wright contacted Plaintiff Duncan again, and informed him that Sterling was not correcting his report, and that, without a corrected report, U.S. Security could not hire him.

25.   Sterling's false reporting, and its refusal to correct its false reporting, caused U.S. Security to withdraw the job offer.  (Exs. 4, 5.)

26.   Sterling's inaccurate reporting was a direct result of its failure to use reasonable procedures.

27.   At the time the background check was run, Sterling knew Plaintiff Duncan's full legal name, address, date of birth, social security number, and telephone number.  *See supra* ¶ 15.  Specifically, Sterling knew that Plaintiff Duncan's full name was Robert Eustace Duncan,

and that he was a resident of Texas.

28.     Despite knowing this information, Sterling reported child pornography charges against Robert Everett Duncan, Jr., who lived in Downingtown, PA (henceforth, "the Pennsylvania defendant") as though those charges had been brought against Plaintiff.  (Ex. 6 at 13).

29.     The fact that the Pennsylvania defendant is not the same person as Plaintiff Duncan is readily apparent from an examination of the publicly accessible Pennsylvania court records, which make clear that neither the Pennsylvania defendant's full name nor address match those of Plaintiff Duncan.  (*Id*.)  Importantly, Plaintiff Duncan's Sterling report includes five pages of addresses allegedly associated with him, but none of those addresses are in Pennsylvania. (Ex. 1 at 4-8.)

30.     Rather than consulting the publicly available court documents, Sterling relied upon an inaccurate electronic matching algorithm which created false positives.  This reliance was unreasonable.

31.     Further, if Sterling had engaged in meaningful manual quality control review of Plaintiff Duncan's report, or if it had responded appropriately to U.S. Security's inquiry, it would have recognized its error.  That it did not do so is further evidence of its failure to use reasonable procedures to ensure maximum possible accuracy.

32.     As part of its service agreement with its customers, Sterling requires that its subscribers contact it to obtain special procedures for preparation and use of a consumer report in the case of suspected misconduct or violation of state, federal, or local law.  Plaintiff's report was not procured using these special procedures.

33.     Plaintiff's report was not procured in connection with any investigation of an

employee for suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

34.     As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost income, harm to reputation, and emotional distress, including embarrassment and humiliation.

35.     After U.S. Security rescinded the job offer, Plaintiff Duncan was unemployed for a number of months, despite his best efforts to find employment.  Plaintiff Duncan eventually found work at a McDonalds, beginning in approximately June 2015, but the pay is substantially less than what he would have been receiving at U.S. Security.

36.     This time of unemployment was stressful for Plaintiff Duncan, both personally and financially.  He receives Navy retirement payments, but they are not enough to cover his living expenses, so he was forced to borrow money from friends.

37.     Further, Plaintiff Duncan experienced emotional distress over his unemployment and, in particular, over it being the result of Sterling's inadequate procedures.  The abhorrent nature of the charges incorrectly associated with his good name furthered his distress.

## DEFENDANT'S CONDUCT WAS WILLFUL

38.     Defendant negligently violated the FCRA.

39.     Defendant's violations of the FCRA were not only negligent, but were also knowing and willful.

40.     Sterling is aware of FCRA's clear mandates "to follow reasonable procedures to assure maximum possible accuracy," and, when reporting public record information in employment reports, to "maintain strict procedures designed to insure that [such records are]

complete and up to date."  15 U.S.C. §§ 1681e(b), 1681k(a).

41.     Sterling knows that it is common for criminal records to be erroneously attributed to the wrong person.  In fact, Sterling has been repeatedly sued for erroneous criminal record reporting.  *See, e.g., Johnson v. Sterling Infosystems, Inc.*, No. 1:15-cv-05523 (S.D.N.Y. July 16, 2015); *Holifield v. DirecTV, et al.*, No. 2:14-cv-07622 (C.D. Cal. Oct. 1, 2014); *Doe v. Sterling Infosystems, Inc.*, 2:15-cv-04770 (C.D. Cal. June 24, 2015); *Sanchez v. Sterling Infosystems, Inc.*, 1:12-cv-00157 (D.R.I. Mar. 3, 2012); *Mitchell v. Am. Background Info. Serv., Inc., et al.*, 14-cv-2650 (S.D.N.Y. April 14, 2014).   In 2011 alone, Sterling received over 5,000 disputes from consumers who claimed that Sterling sold a background check about them containing criminal records belonging to another person.  *See Jones v. Sterling Infosystems, Inc.*, 1:14-cv-03076, ECF No. 47 at 7 n. 1 (S.D.N.Y. May 18, 2015).  Sterling is also aware that claims of this type have been successfully tried to jury verdicts.  *See, e.g., Smith v. LexisNexis Screening Solutions, Inc.*, No. 13-CV-10774, 2014 WL 7403890, at *1 (E.D. Mich. Dec. 30, 2014) (upholding $375,000 jury verdict when background check company erroneously reported criminal convictions).

42.     Despite this, Sterling unreasonably and willfully failed to follow reasonable procedures to ensure maximum possible accuracy by, *inter alia*, failing to check the underlying court records, failing to ensure the full name and addresses matched before issuing Plaintiff's erroneous report, and failing to conduct reasonable quality control.

43.     Sterling also unreasonably and willfully failed to maintain strict procedures to ensure that the public record information it reported was complete and up to date by, *inter alia*, omitting the defendant's full name and address from the report, failing to ensure that records reported related to the person who was the subject of the report, and failing to conduct

7

reasonable quality control.

## COUNT I: 15 U.S.C. § 1681e(b)
## Failure to Follow Reasonable Procedures
## to Assure Maximum Possible Accuracy

44.     Plaintiff realleges the allegations set forth in Paragraphs 1-43.

45.     Sterling negligently and willfully failed "to follow reasonable procedures to assure maximum possible accuracy" in preparing Plaintiff's consumer report.  15 U.S.C. § 1681e(b).

46.     Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to his actual damages, statutory damages, punitive damages, costs and attorneys' fees.

## COUNT II: 15 U.S.C. § 1681k(a)
## Failure to Maintain Strict Procedures

47.     Plaintiff realleges the allegations set forth in Paragraphs 1-43.

48.     The report provided by Sterling to U.S. Security contained matters of public record which were likely to have an adverse effect upon Plaintiff Duncan's ability to obtain employment.

49.     At the time this public record information was reported to U.S. Security, Sterling did not notify Plaintiff Duncan of the fact that public record information was being reported by Sterling, together with the name and address of the person to whom such information was being reported.

50.     Sterling also did not maintain strict procedures designed to ensure that the public record information regarding Plaintiff Duncan was complete and up to date.   Specifically, Sterling's procedures ensured the record would be incomplete, by omitting the defendant's full name and address.

51.     Sterling thus failed to comply with the requirements of 15 U.S.C. § 1681k(a).

8

This violation was both negligent and willful.

52.     Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to his actual damages, statutory damages, punitive damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

53.     WHEREFORE, Plaintiff prays for relief as follows:

a.      Declaring that Defendant negligently violated the FCRA;

b.      Declaring that Defendant willfully violated the FCRA;

c.      Awarding actual damages, statutory damages, and punitive damages as provided by the FCRA;

d.      Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

e.      Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

54.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: September 21, 2015                    NICHOLS KASTER, PLLP

                                            /s/Michele R. Fisher
                                            NICHOLS KASTER, PLLP
                                            Michele R. Fisher, NY Bar No. MF4600
                                            E. Michelle Drake, MN Bar No. 387366*
                                            Joseph C. Hashmall, MN Bar No. 392610*
                                                    *pro hac vice applications forthcoming
                                            4600 IDS Center
                                            80 South Eighth Street
                                            Minneapolis, MN 55402
                                            Telephone: (612) 256-3200
                                            Fax: (612) 215-6870

9

fisher@nka.com
drake@nka.com
jhashmall@nka.com

ATTORNEYS FOR PLAINTIFF